### Frank Frorer v. Landon & Mickelberry.

1. PRELIMINARY PROOF—*when evidence should be stricken for failure to make.* Letters and telegrams which have been received in evidence upon the undertaking of the party offering them to show the authority of the writer and sender, should be stricken out where such undertaking has not been performed.

Action of *assumpsit.* Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906. Rehearing denied January 8, 1907.

KING & MILLER, for appellant.

BLINN & COVEY, for appellees.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Frank Frorer began suit in the Circuit Court of Logan county against Landon & Mickelberry to recover the sum of $1,990.71, which it was alleged was due from them to Frorer for monies had and received. Mickelberry, who alone was served with process, appeared and filed two pleas; the first was the general issue and the second, set-off. Before trial was had the general issue was withdrawn and defense made

upon the plea of set-off only. A verdict was rendered in favor of Mickelberry upon his plea of set-off in the sum of $745.05, upon which the court rendered judgment, from which Frorer appealed.

It appears from the evidence that appellees had control of a farm in Missouri of 2,450 acres, which belonged, at the time of the dealings between the parties, to appellant; that appellees had received monies, on account of said farm, which belonged to appellant for the recovery of which he brought this suit; that appellees, while they acted for appellant in the management or control of the farm, claimed to have assisted in the sale of the farm under a contract with Frorer by the terms of which they were to have one dollar per acre, or $2,450 in all, as commission for assisting in said sale.

Appellant first contends that the verdict in the case allowing Landon & Mickelberry the sum of one dollar per acre for their services in assisting in the sale of said farm was clearly and manifestly against the weight of the evidence. While this proposition has been very fully and elaborately argued by counsel upon each side, we refrain from discussing that question, as we have found it necessary to reverse the case upon another proposition, and as the case will have to be retried a discussion, at this time, of the weight of the evidence could serve no good purpose.

Appellant next contends that the trial court erred in admitting in evidence over the objection of appellant a telegram and two letters written by one J. M. Morris, from Lincoln, Illinois, addressed to appellees at Clinton, Mo., concerning the subject-matter of the sale.

The main question involved in the trial was whether or not appellant had employed the appellees to assist him in the sale of his farm. Appellees insisted that appellant had employed them to show the farm to prospective buyers and to make effort upon their part to sell the property, and in case of sale they

were to have one dollar per acre as commissions. Appellant, upon the other hand, denied that he ever in any way employed appellees to sell or assist in selling the farm for a commission, and claimed that they were his agents in the management and control of said farm and were receiving five per cent. of the income or proceeds of said farm for their services and were entitled to nothing in excess of such per cent.

Upon the trial, in support of their claim of employment to sell, appellees offered in evidence such telegram and letters which were in the words and figures, to wit:

Telegram

"LINCOLN, ILL., Dec. 10th, 1902.
LANDON & MICKELBERRY, CLINTON, MO.

Leave word at hotel for Wilson leaves Des Moines noon today, will be at Clinton Thursday morning. J. M. MORRIS."

Letter
"LANDON & MICKELBERRY, CLINTON, MO.

GENTLEMEN: DEAR SIR: One I. K. Wilson of Des Moines, Iowa, will come to see the Frorer land. He will wire you when he will be there. Take care of him and show the land the best you can. Land is priced at $45, but nearly all in trade; have some other business to take up with you as soon as the weather gets warmer. Cold here with some snow. Trusting that we will be able to do some business soon, I am hurriedly, J. M. MORRIS."

Letter

"December 10th, 1902.
LANDON & MICKELBERRY, CLINTON, MO.

GENTLEMEN: DEAR SIR: I. K. Wilson is to leave Des Moines, Iowa, for your place at noon today as I have wired you, so he informed me. Look after him. Enclosed find letter which please hand him and oblige,
J. M. MORRIS."

The evidence shows that Mr. Morris, a real estate agent, lived in Lincoln, Illinois, and had been employed as such real estate agent by appellant to sell

the land in question and in case he made sale Morris was to have a commission for his services; that he went to Des Moines and there saw a Mr. Wilson concerning the sale of the farm; that Wilson went to Missouri, saw the farm and afterwards bought it.

Appellees contended that the telegram and two letters were competent and relevant evidence as against appellant and upon objection being made upon the ground that such letters and telegram were not those of Mr. Frorer, appellees promised to show that Morris had authority from Frorer to send the same. Upon such promise the court overruled Frorer's objection and admitted the telegram and letters to which action appellant excepted.

The only purpose there could have been in the offer of the evidence objected to was to show an *employment* of appellees in the sale of said farm, but such evidence could not serve the purpose for which it was offered unless it intended to show that the employment was the employment of appellant.

This, we do not think, under the evidence, can fairly be contended. Mr. Morris testified that after he had been employed as real estate agent by appellant, he had a talk with Mr. Landon, one of the appellees, in reference to the sale of this land and agreed that if any trade of the farm was made they would agree upon the commission, and whatever it was he would "cut it in two" with him. There was therefore every reason to expect that whatever Mr. Morris thereafter wrote to appellees upon that subject would have relation to that arrangement and not to any authority upon the part of appellant running to Morris to employ appellees in any relation other than that which they already sustained toward appellant.

Furthermore, Mr. Morris expressly stated that at the time the telegram and letters were sent he had no authority from Mr. Frorer to bind him and that Mr. Frorer did not even know that they were sent; that at the time he was working for himself and sent the tele-

gram and letters on behalf of himself as a real estate man.

There was no evidence at all in the case to dispute this statement of Mr. Morris, and we are, therefore, at a loss to know upon what ground the telegram and letters of Mr. Morris could be said to bind the appellant.

Appellees did not make good their promise to show authority upon the part of Mr. Morris to write or send the telegram and letters as being by the authority of appellant and such evidence should have been stricken out upon appellant's motion or renewal of objection, which was not done. This error was prejudicial to the interests of appellant and renders a reversal necessary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice Puterbaugh, took no part in the consideration or determination of this case.